AYRES, Judge.
Defendant, a resident of Webster Parish, Louisiana, appealed from an adverse judgment on a promissory note executed February 21, 1952, in connection with a conditional sales contract whereby he purchased an automobile from Standard Auto Company of Hope, Arkansas. This note and sales contract were negotiated to plaintiff.
It appears from the record that at the time of the aforesaid purchase, the St. Louis Fire & Marine Insurance Company issued a policy of insurance with the usual and standard provisions as to collision and upset, fire, lightning and transportation, including theft, as well as to other features of possible loss, under a clause designated “Combined additional coverage.” This policy was what is commonly designated as a “double interest” policy, that is, for the interest and protection of both the owner of the property insured and the holder of the purchase price obligation. However, it would appear that the insurer took steps to effect a cancellation of this policy on March 3, 1952, effective as of March 8, 1952, after which plaintiff obtained from the insurer a “single interest” policy in the sole interest and for the protection only of the plaintiff as the holder of the aforesaid note and conditional sales contract.
On April 20, 1952, defendant was involved in an accident wherein considerable damage was done to his automobile. That the insurance afforded coverage sufficient in amount as the result of said damages to pay the balance on defendant’s obligation does not appear to be disputed. However, plaintiff made no demands upon the insurer to pay said loss but contended the insurer would not pay said insurance inasmuch as it contended it was entitled to the salvage, which defendant refused to deliver. However, after the appeal was taken and the transcript was filed in this court, the defendant filed a motion alleging that the insurer had paid the indebtedness sued upon and that, accordingly, the judgment had been extinguished. Consequently, he prayed that the case be remanded to the trial court for the purpose of taking evidence on the issues thus presented.
Under the aforesaid circumstances, we are of the opinion that the case should be remanded and reopened for the reception of evidence on defendant’s plea.
For the reasons assigned, the judgment appealed is annulled, avoided and set aside, and it is now ordered that this case be and it is hereby remanded to the Twenty-Sixth Judicial District Court in and for Webster Parish, Louisiana, and that, accordingly, said case be reopened for the introduction of evidence on defendant’s plea of payment and compensation and extinguishment of the indebtedness and obligation sued upon, and that the said court, in the light of such additional evidence, pronounce judgment thereon; taxation of costs to await final judgment.
Set aside and remanded.